UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TUDOR INSURANCE COMPANY,
    Plaintiff,

v.

                                                Case No. 09-13805

ASSOCIATED LAND TITLE, LLC, and
FIDELITY NATIONAL TITLE                   Honorable Patrick J. Duggan
INSURANCE COMPANY,
    Defendants,
                                        /

FIDELITY NATIONAL TITLE
INSURANCE COMPANY,
    Cross-Claimant,

v.

ASSOCIATED LAND TITLE, LLC,
    Cross-Defendant,                      /

FIDELITY NATIONAL TITLE
INSURANCE COMPANY,
    Third-Party Plaintiff,

v.

STEPHEN J. SMITH,
    Third-Party Defendant,           /

ASSOCIATED LAND TITLE, LLC,
    Third-Party Plaintiff,

v.

ABC ABSTRACTS, INC.,
    Third-Party Defendant.           /

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 22, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
           U.S. DISTRICT COURT JUDGE

On February 22, 2008, Tudor Insurance Company ("Tudor") filed this complaint for declaratory relief seeking to rescind an errors and omissions ("E&O") liability insurance policy issued to Associated Land Title, LLC, ("Associated") with an effective date of May 1, 2007. Tudor later amended its complaint to add Fidelity National Title Insurance Company ("Fidelity") as a defendant because of Fidelity's potential claim under the E&O policy that is the subject of this suit. Presently before the Court is a Motion for Summary Judgment filed by Tudor. Pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court dispensed with oral argument.

**I. Factual and Procedural Background**

On April 16, 2007, Associated completed an application for E&O liability insurance through Tudor. Among other things, the insurance application included the following questions:

> 34. Have any claims, suits or proceedings been made during the past five years against any of you or your firm, your predecessors in business or against any present partners, owners, officers or employees?
>  . . . .
> 35. Is the applicant or any person to be covered by this insurance aware of any alleged act, circumstance, situation, error or omission which may result in a claim being made against you or any of the persons or firm described?

(Tudor's Mot. Ex. 2.) Associated, by its manager Stephen Smith ("Smith"), marked "no" to

2

both questions. Tudor subsequently accepted the Associated application and issued a policy effective May 1, 2007.

In the present lawsuit, Tudor seeks to rescind the insurance policy issued to Associated and to have the policy declared *void ab initio*. Tudor alleges that Associated's answers to questions 34 and 35 amount to material misrepresentations justifying rescission. Tudor asserts that Associated received notice of a possible claim against it by Fidelity in August 2006 and that a lawsuit related to that claim was actually filed against Associated in March 2007, before Associated submitted its application for E&O insurance.

Since the filing of this lawsuit and the amendment to include Fidelity as a defendant, several other claims have been filed. Fidelity has asserted cross-claims against Associated and third-party claims against Stephen Smith seeking recovery of sums paid under various title insurance policies issued by Associated on behalf of Fidelity. Fidelity's liability under those title insurance policies allegedly stems from errors and omissions made by Associated. In turn, Associated filed third-party claims against ABC Abstracts, Inc., alleging that any errors and omissions giving rise to Fidelity's liability under the title insurance policies resulted from errors and omissions by the abstract company.

On November 3, 2008, Tudor filed the motion for summary judgment presently pending before the Court. During a December 8, 2008, hearing, Associated and Fidelity requested, and the Court granted, additional time to conduct discovery and submit amended responses to Tudor's motion. After numerous extensions, the parties completed briefing for the motion on January 11, 2010. For the reasons set forth below, the Court denies Tudor's motion.

**II. Standard of Review**

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). "[The] opposing party may not rely merely on allegations or denials in its own pleading . . . ." Fed. R. Civ. P. 56(e)(2). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *See id.*

**III. Genuine Issues of Material Fact**

Associated and Fidelity oppose Tudor's motion for summary judgment on grounds that there exist genuine issues of material fact requiring resolution at trial. Specifically, Associated and Fidelity assert that there are issues of fact as to whether Associated made misrepresentations on its application and, if so, whether those alleged misrepresentations are material. The Court addresses the arguments in turn.

**A. Misrepresentations in the Insurance Application**

As an initial matter, Associated and Fidelity claim that Tudor's motion for summary judgment must fail either because Associated made no misrepresentations in its application for insurance or there exists a genuine issue of material fact as to whether such misrepresentations were made. The misrepresentations alleged by Tudor involve Associated's responses to questions 34 and 35 of the insurance application; those queries read:

> 34. Have any claims, suits or proceedings been made during the past five years against any of you or your firm, your predecessors in business or against any present partners, owners, officers or employees?
> . . . .
> 35. Is the applicant or any person to be covered by this insurance aware of any alleged act, circumstance, situation, error or omission which may result in a claim being made against you or any of the persons or firm described?

(Tudor's Mot. Ex. 2.) Associated marked the box corresponding with the answer "no" on both questions.

Associated and Fidelity argue that no misrepresentations were made when Associated marked "no" to the aforementioned questions. In support, Fidelity submits that it did not make its first claim for payment against Associated until September 2007, months after

5

Associated's April 16, 2007, application. (Fidelity's Am. Resp. at 8, Ex. D.) Associated and Fidelity maintain that any notices to Associated before that date were merely advisory. (Fidelity's Am. Resp. at 7-9.) These arguments lack merit.

Record evidence in this case reveals that Associated had notice of a claim against it before submitting the application for E&O insurance to Tudor on April 16, 2007. On August 9, 2006, a Fidelity representative notified Associated via e-mail that "there may be liability by Associated Land Title dba Devon Title to Fidelity based upon the omissions" from a title insurance policy issued by Associated on behalf of Fidelity. (Tudor's Mot. Ex. 4.) The e-mail continued to inform Associated that Fidelity anticipated facing liability exceeding $400,000 on the policy and that Associated should notify its E&O insurance carrier of its potential liability for the same. (*Id.*) By February 2006, Fidelity's liability on the policy had been confirmed and Associated and Fidelity representatives exchanged several e-mails discussing the "claim." (Tudor's Am. Reply Ex. 4.) On March 23, 2006, Associated received service of a civil complaint alleging misrepresentations by Associated in regard to the aforementioned claim. (*Id.* Exs. 6-7.) On April 16, 2007, Associated represented to Tudor that there had been no claims against it during the past five years and that it was unaware of "any alleged act, circumstance, situation, error or omission which may result in a claim being made" against Associated. (Tudor's Mot. Ex. 1.)

Even viewing the record evidence in the light most favorable to Associated and Fidelity, it is clear that Associated's E&O insurance application contained a misrepresentation regarding past claims or potential claims. Fidelity's August 2006 e-mail placed Associated on notice of an alleged error or omission that could result in a claim

against Associated; the February 2007 e-mail exchange largely confirmed that such a claim would eventually be made; and the March 2007 complaint actually asserted a "claim," even under the most stringent definition of that term, against Associated. That Fidelity did not formally seek indemnification from Associated on the claim until September 2007 does nothing to erase Associated's knowledge of the situation and its potential liability before April 16, 2007. Therefore, Associated and Fidelity have failed to establish a genuine issue of material fact as to the existence of a misrepresentation.

**B. Materiality of the Misrepresentation**

Associated and Fidelity next argue that, assuming Associated made a misrepresentation in its application, there exists an issue of fact as to whether that misrepresentation was material. Before Tudor can rescind the E&O insurance policy, Tudor must establish that the Associated made a "material misrepresentation" in its application for insurance. *Lake States Ins. Co. v. Wilson*, 231 Mich. App. 327, 331, 586 N.W.2d 113, 115 (1998). A material misrepresentation is one that is relied on by the insurance company in the sense that it "relates to the insurer's guidelines for determining eligibility for coverage." *Id.* Associated and Fidelity argue that Tudor would have issued the E&O policy even if Associated had marked "yes" to questions 34 and 35.

The record evidence in the case reveals an issue of fact as to the materiality of Associated's misrepresentation regarding its claims history. Associated and Fidelity present evidence that, during the year Tudor issued the Associated policy, Tudor issued 16 E&O policies to applicants with claims histories. (Fidelity Am. Resp. Ex. B.) One of those 16 had a claim in its history in the amount of $400,000, similar to the value of the claim alleged

7

against Associated at the time of its application to Tudor. (*Id.*) Another applicant had three outstanding claims. (*Id.*) Finally, a third failed to answer the claims history question at all. (*Id.*) On these facts, Associated and Fidelity contend that Tudor would have issued an E&O policy to Associated even if Associated had revealed the impending claim.

Tudor, meanwhile, maintains that the misrepresentation was material to its decision regarding whether to issue an E&O policy to Associated. The insurance application itself states in all capital letters, "Any subsequent contract issued will be in full reliance upon the statements and representations made in this application and this application will be in made a part of the policy." (Tudor's Mot. Ex. 1.) Additionally, a Tudor underwriter who subsequently reviewed the claims against Associated states in an affidavit that Tudor would have denied coverage to Associated had the claims been revealed in the application. (*Id.* Ex. 3.) Tudor argues that the issuance of E&O policies to 16 other applicants with claims histories is not relevant because of variations in the facts and circumstances surrounding each of those applicants and their related claims. As such, Tudor maintains that its underwriter's affidavit is dispositive on the issue of materiality.

In resolving the present motion, the Court must view the evidence in the light most favorable to Associated and Fidelity. While the issuance of 16 E&O policies to other applicants with claims histories does not conclusively establish that Tudor would have issued a policy to Associated had the impending claim been disclosed, that evidence does reasonably challenge the veracity of the affidavit from Tudor's underwriter. In other words, the evidence presented by Associated and Fidelity establishes a genuine issue of fact as to the materiality of the misrepresentation in Associated's application. Therefore, Tudor's

8

motion for summary judgment is denied.

**IV. Legal Arguments in Opposition to Summary Judgment**

Associated and Fidelity present other arguments in opposition to Tudor's motion. Specifically, Associated and Fidelity argue that, as a matter of law, Tudor is barred from rescinding the insurance policy in this case because Tudor failed to fulfill an alleged duty, owed to Fidelity and other potential beneficiaries of the insurance policy, to investigate Associated's answers in the insurance application. Associated and Fidelity also argue that, under Michigan law, rescissions of liability insurance policies, including E&O policies, are ineffective as to innocent third parties who have claims thereunder. Because neither Associated nor Fidelity have moved for summary judgment against Tudor and because the Court has already concluded that Tudor's motion for summary judgment must be denied, the Court declines to address these issues at this time.

**V. Conclusion**

To rescind the E&O insurance policy previously issued to Associated, Tudor must establish that Associated made a material misrepresentation in its application for insurance. Because there remains an issue of fact as to whether a misrepresentation made by Associated was material, Tudor's motion for summary judgment fails.

Accordingly,

**IT IS ORDERED** that Tudor's Motion for Summary Judgment is **DENIED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Michael J. Sullivan, Esq.

Jacqueline E. Bayley, Esq.
Donald A. Rump, Esq.
Scott J. Fandre, Esq.
Wendy K. Walker-Dyes, Esq.