UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TUDOR INSURANCE COMPANY,
     Plaintiff,

v.

ASSOCIATED LAND TITLE, LLC, and
FIDELITY NATIONAL TITLE
INSURANCE COMPANY,
     Defendants,                   /

                                          Case No. 08-11831

FIDELITY NATIONAL TITLE
INSURANCE COMPANY,                    Honorable Patrick J. Duggan
     Cross-Claimant,

v.

ASSOCIATED LAND TITLE, LLC,
     Cross-Defendant,                /

FIDELITY NATIONAL TITLE
INSURANCE COMPANY,
     Third-Party Plaintiff,

v.

STEPHEN J. SMITH,
     Third-Party Defendant,         /

**OPINION AND ORDER (1) GRANTING FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S MOTION FOR ENTRY OF JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b); (2)
CERTIFYING APPEALABILITY OF JUDGMENT; AND (3) STAYING
PROCEEDINGS ON RESCISSION PENDING APPEAL**

On February 22, 2008, Tudor Insurance Company ("Tudor") filed this diversity

action seeking a declaration that it has the right to rescind an errors and omissions

("E&O") liability insurance policy issued to Associated Land Title, LLC ("Associated"), with an effective date of May 1, 2007. Tudor later amended its complaint to add Fidelity National Title Insurance Company ("Fidelity") as a defendant and to add a request for a declaratory judgment that it is not liable for claims maintained by Fidelity against Associated because those claims are excluded from coverage under the unambiguous terms of the E&O policy. On November 17, 2010, Tudor filed a motion for partial summary judgment with respect to its request for a declaration that the claims are excluded from coverage. In an Opinion and Order entered on March 15, 2011, the Court granted Tudor's motion.

On April 15, 2011, Fidelity filed a motion asking the Court to enter a final judgment with respect to the Court's decision on the coverage exclusion issue pursuant to Federal Rule of Civil Procedure 54(b). On April 25, 2011, Tudor and Fidelity filed a joint stipulation requesting that the Court enter such a final judgment, certify the resolution of the claim for appeal, and stay proceedings on Tudor's remaining rescission claim. The Court concludes that its March 15, 2011 decision constitutes a final judgment with respect to Tudor's claim for a declaratory judgment and that there is no just reason to delay appellate review. *See Downie v. City of Middleburg Heights*, 301 F.3d 688, 692-93 (6th Cir. 2002) (quoting *Gen. Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994) ("To certify an order for immediate appeal, a district court must: (1) "expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case"; and (2) "express[ly] determin[e] that there is no just reason to delay appellate

review.") The Court further concludes that a stay of Tudor's remaining rescission claim pending appeal is appropriate because that claim most likely will not need to be resolved if the Sixth Circuit affirms this Court's March 15 decision.

Accordingly,

**IT IS ORDERED**, that Fidelity's motion for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Tudor Insurance Company's and Fidelity National Title Insurance Company's joint stipulation to certify final judgment and stay proceedings on rescission pending appeal is **GRANTED**;

**IT IS FURTHER ORDERED**, that judgment will be entered pursuant to Federal Rule of Civil Procedure 54(b) with respect to Tudor Insurance Company's request for a declaratory judgment that the claims at issue in this lawsuit are excluded from coverage under its insurance policy issued to Associated Land Title, LLC, bearing policy number 0011496, effective May 1, 2007 through May 1, 2008, with a "Retroactive Date" of June 1, 2003.

Dated: April 25, 2011                              s/PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

Copies to:
Michael J. Sullivan, Esq.
Colleen H. Burke, Esq.
Jacqueline E. Bayley, Esq.
Donald A. Rump, Esq.
Alison G. Fox, Esq.
Scott J. Fandre, Esq.
Wendy K. Walker-Dyes, Esq.